IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ERIC HOBBS,

       Petitioner,

v.                                      CASE NO. 4:10-cv-213-RH-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254.  Doc. 1.  The Respondent filed a response and an

appendix with relevant portions of the state-court record.  Docs. 20, 21.  Petitioner was

afforded an opportunity to file a reply, but did not do so.  Upon due consideration of the

Petition, the Response, and the state-court record, the undersigned recommends that

the Petition be denied.[1]

## Summary of State-Court Proceedings

The Petition stems from an incident in Leon County on the night of February 4,

2006.  The evidence adduced at trial may be summarized as follows.  Officer Brent

Edwards was on a routine patrol when he observed Petitioner on a bicycle that had no

light, as required by law.  Edwards testified that he stopped Petitioner and warned him

about the infraction.  Edwards then asked Petitioner if he had any drugs or

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court
has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

paraphernalia.  Petitioner admitted having a "stem" (pipe) in his jacket pocket, and allowed Edwards to remove the pipe.  Edwards observed a pill bottle in Petitioner's jacket pocket that appeared to contain crack cocaine, and removed it.  Edwards then attempted to place handcuffs on Petitioner, who struggled and broke away.  Edwards apprehended and subdued Petitioner, who was then arrested with the assistance of backup officers.  App. Exh.  D .

Prior to the commencement of trial, Petitioner's counsel filed a motion to suppress his statements, the pipe, and the crack cocaine.  App. Exh. C.  Following Officer Edward's testimony, the court excused the jury and heard argument on counsel's motion to suppress and objection to the admission of the challenged evidence.  The court concluded that the stop was lawful and that Edwards' search of Petitioner was justified by both consent and probable cause.  Counsel renewed the motion at the close of the state's case in chief, and again following Petitioner's testimony.  Petitioner testified that Edwards initially told him he was free to go following the equipment warning, but as Petitioner walked away Edwards stepped behind him, physically restrained him, and conducted a pat search during which Edwards found the pipe and crack cocaine.  App. Exh. D. at 21-46, 125-50.  The court denied the motion.

Petitioner's defense to the controlled-substance charge focused on his asserted lack of intent to sell crack cocaine.  Officer Edwards testified that he had training and experience in determining the value of crack cocaine.  He testified that the pill bottle seized from Petitioner contained eight to ten $5 rocks and four to six $10 rocks, or between $80 and $100 worth of drugs.  *Id*. at 52-53.   He further testified that based on his training and experience in arresting individuals who possess drugs for personal use,

such individuals usually only have one or two $5 rocks.  *Id*. at 54.

The jury convicted Petitioner of five counts:  Count I - Sale or possession of cocaine with intent to sell within 1,000 feet of church; Count II - Resisting a law enforcement officer without violence; Count III - Battery on a law enforcement officer; Count IV - Depriving an officer of means of communication; and Count V - Possession of drug paraphernalia.   App. Exh. G.  He was sentenced to 15 years' imprisonment for the controlled-substance offense, and a total five-year consecutive sentence for the remaining offenses.  *Id*.  Exh. H.

Petitioner appealed on the grounds that the court erred in denying his motion to suppress, and that the evidence was insufficient to prove the elements of intent to sell and location to a church that conducts regular religious services.  The First DCA affirmed *per curiam* without opinion.  App. Exh. O.

Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 asserting that his trial counsel was ineffective for failing to present expert testimony regarding whether the drugs found in his possession were consistent with personal use.  *Id*. Exh. S.   The court summarily denied relief without an evidentiary hearing.   *Id*. Exh. U.   The First DCA *per curiam* affirmed without opinion.  *Id*. Exh. W.

Petitioner filed a *pro se* "Petition for Writ of Habeas Corpus" in the state circuit court.  App. Exh. X.   The court dismissed the petition as unauthorized.   *Id*. Exh. Y.  The First DCA summarily affirmed *per curiam*.   *Id*. Exh. CC.

The instant Petition followed.  Doc. 1.  Respondent concedes that the Petition is timely.  Doc. 20.  Petitioner asserts three claims for relief: (1) the trial court erred in denying his motion to suppress because he was unreasonably detained in violation of

his Fourth Amendment rights; (2) his right to due process was violated because there was no evidence of intent to sell crack cocaine; and (3) his counsel rendered ineffective assistance by failing to retain an expert to testify that the amount of drugs he possessed were for personal use.  Doc. 1.

<u>**Section 2254 Standard of Review**</u>

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions

demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  The court acknowledged the

well-settled principle that summary affirmances, such as the Florida First District Court of

Appeal's in this case, are presumed adjudicated on the merits and warrant deference.

*Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011),

and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A

judicial decision and a judicial opinion are not the same thing," and the Supreme Court

has confirmed that determining whether the state court unreasonably applied the law or

unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291

(citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely

addressed whether under the "unreasonable application" test a federal habeas court

"looks exclusively to the objective reasonableness of the state court's ultimate

conclusion or must also consider the method by which the state court arrives at its

conclusion." *Id*. at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002)

(summarizing the emerging circuit split)). The Eleventh Circuit concluded that district

courts must apply the plain language of § 2254(d) and answer the "precise question"

raised in a claim based on the state court's ultimate legal conclusion, and should not

"evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at

1291. In short, the court stated, "the statutory language focuses on the result, not on the

reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited

role in habeas review because the district court considers the reasonableness of the trial

court's fact finding only to the extent that the state court's ultimate conclusion relied on it.

*Id*. at 1292. A federal habeas court can consider the full record before it to answer "the

only question that matters[:]" whether the state court's decision was objectively

unreasonable.  *Gill*, 133 F.3d at 1290.

### Claim 1: Denial of Motion to Suppress

Petitioner contends that his motion to suppress the evidence seized following his traffic stop should have been granted because Officer Edwards unreasonably detained him longer than necessary to issue a warning or ticket for the equipment violation.  He contends that Edwards had no reasonable suspicion to detain him, nor did Petitioner cause him to have a reasonable suspicion that Petitioner was engaged in criminal activity.  Doc. 1.  Respondent contends Petitioner's claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), because Petitioner had a full and fair opportunity to litigate the Fourth Amendment issue in state court.  Doc. 20.

Fourth Amendment violations are generally not cognizable on federal habeas review.  In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone*, 428 U.S. at 494.  In order to be entitled to federal habeas review of a Fourth Amendment claim, a petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review."  *Id*. at 495 n. 37; *see also, Devier v. Zant*, 3 F.3d 1445, 1455 (11th Cir.1993) (where Fourth Amendment claims were raised by motion to suppress and on appeal they were given a full and fair hearing and therefore barred under *Stone*). "For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher

state court." *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000). Federal courts will

not consider the merits of Fourth Amendment cases merely because the state courts

allegedly erred in their Fourth Amendment analysis. *See Swicegood v. Alabama*, 577

F.2d 1322, 1324 (5th Cir.1978).

Petitioner does not contend that he was denied a full and fair opportunity to

litigate his Fourth Amendment claim in the courts. *See* Doc. 1. Upon review of the

record, the undersigned concludes that Petitioner in fact presented testimony and

argument supporting his claim to the trial court, and appealed the denial of the motion to

suppress to the appellate court. On this record, pursuant to *Stone v Powell* Petitioner's

Fourth Amendment challenge in not cognizable.

### Claim 2: Sufficiency of evidence of intent to sell cocaine

Petitioner challenged the sufficiency of the evidence of his intent to sell cocaine

both in the trial court and on direct appeal. Respondent contends, however, that this

claim is unexhausted for purposes of federal habeas corpus review because Petitioner

did not raise the claim as a  federal constitutional due-process issue in the state court.

Before bringing a habeas action in federal court, a petitioner must exhaust all

state court remedies that are available for challenging his conviction, either on direct

appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion

requires that prisoners give the state courts a "full and fair opportunity" to resolve all

federal constitutional claims by "invoking one complete round of the State's established

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To

properly exhaust a federal claim, a petitioner must "fairly present" his federal claim in

each appropriate state court, thereby affording the state courts a meaningful opportunity

to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted). A petitioner must "do more than scatter some makeshift needles in the haystack of the state court record"; a reasonable reader should be able to understand the factual and legal bases for the federal claim. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir.2005) (quotations and citations omitted). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or by simply labeling the claim 'federal.' " *Baldwin*, 541 U.S. at 32. When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

As Respondent contends, Petitioner did not raise this evidence-sufficiency claim as a federal constitutional issue in state court, and the federal claim would now be procedurally barred in state court. *See Pearson v. Sec. Dept. Corr.*, 273 Fed.Appx. 847 (11th Cir. 2008) (rejecting sufficiency-of-the-evidence claim as unexhausted where Petitioner's state-court filings cited exclusively to state cases, and all of his substantive arguments addressed Florida law). Petitioner has shown neither cause nor prejudice to overcome such procedural default. *See id*.

Even if the claim was not procedurally defaulted, Petitioner has not shown that the state court's rejection of the claim provides any basis for federal habeas review. When reviewing a claim of the sufficiency of the evidence on federal habeas review, this Court is required to view the evidence in the light most favorable to the prosecution and

determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "In determining whether the facts of a particular case satisfy the *Jackson* standard, it is necessary to refer to the essential elements of the crimes as defined by state law." *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987) (citations omitted).

In this case, the essential element is whether Petitioner possessed the crack cocaine with the intent to sell it. *See* § 893.13(1)(e)1., Fla. Stat. (2006). The trial court permitted Officer Edwards to testify, over defense counsel's objection, that based on his training and experience with street drugs the quantity of crack cocaine possessed by Petitioner was not for personal use. App. Exh. D, 53-54.

A trial court has broad discretion in admitting expert testimony and in determining the range of subjects on which an expert witness may testify. *Burns v. State*, 609 So.2d 600, 603 (Fla.1992). A police officer who has been qualified as an expert "may testify that the quantity and packaging of drugs and the circumstances surrounding their possession are 'consistent with' possession for sale or are 'inconsistent with' possession for personal use. *Luis v. State*, 851 So.2d 773, 777 (Fla. 2d DCA 2003).

Viewing Edwards' testimony in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the quantity of crack cocaine possessed by Petitioner reflected an intent to sell, despite Petitioner's testimony to the contrary. Petitioner has failed to show that the state court's rejection of this claim on direct appeal was contrary to or an unreasonable application of federal law.

### Claim 3: Ineffective Assistance of Counsel

Petitioner contends that his trial counsel rendered ineffective assistance for failing

to present the testimony of an expert on the issue of whether the drug quantity he possessed was for personal use. Doc. 1. The state court rejected this claim on the merits on postconviction review. App. Exh. U.

Because Petitioner's third claim alleges ineffective assistance, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id.*

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome."  *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786.  The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1).  As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law."  *Harrington*, 131 S.Ct. at 785 (quotation marks omitted).  And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments

or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

In rejecting this claim on postconviction review, the state court concluded that counsel did not perform deficiently under *Strickland* because it was unlikely that counsel could have found an expert who would testify that the amount of crack cocaine possessed by Petitioner was for personal use. The court reviewed numerous state cases in which other experts testified that amounts similar to that possessed by Petitioner were typically intended for distribution rather than personal use. *See* App. Exh. U at 5.

"Complaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative." *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980). In this case, Petitioner speculates that his counsel could have retained an expert who would have testified that the amount of cocaine possessed by Petitioner was consistent with personal use. The trial court concluded that it was "unlikely" that counsel could have done so, in view of the prevailing expert opinions in similar cases. On this record, Petitioner has failed to show that the state court's rejection of this claim on the performance prong of *Strickland* was contrary to, or an unreasonable application of, federal law.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an

objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 12th day of June 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**